RAMÓN SALVADOR TORRES VÉLEZ ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1188. Submitted July 8, 1946.—Decided July 24, 1946.

*E. López Acosta* for appellants. The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

The owners in common and *pro indiviso* of two tracts of contiguous land executed a deed of consolidation. . The registrar refused recordation on the ground that "María Irizarry Acosta, who has the usufruct in these tracts which are being consolidated, has not given her consent."

The registrar argues that pursuant to Article 61 of the Regulations for Execution of Mortgage Law [1] all the persons interested must join in such a document, including one with a usufruct who owns a real right in the properties which are being consolidated.

An examination of Article 61 discloses that the owners of the property are the persons who must request the consolidation of two or more properties. Article 61 makes reference to the situation which arises when encumbrances or real rights exist on the tracts being consolidated. Thus the first paragraph provides that certain rural properties can be consolidated "provided they belong to the same parcel and to one person only, or to a number, of persons *pro indiviso,* even though it be subject to charges or property rights, held by one of a number of persons, and composed of different sections or parts given in emphyteusis." And Article 61 subsequently provides that "When the property right or charge to which the combined estates referred to in subdivision 1 may be subject, should be divided into fractions, and the estates charged with each fraction should be determined, the

---

[1] Article 61 reads as follows:

"The following shall be recorded under a single number if the persons interested should so request being considered a single estate, in accordance with article 8 of the law and for the purposes therein stated:

"First. Rural property known as farms, coffee plantations, sugar plantations, pastures, stock farms, etc., which form dependent or joined property, with one or more buildings and one or more tracts of land, wooded or otherwise, even though they are not contiguous to each other or to the building, provided they belong to the same parcel and to one person only, or to a number of persons *pro indiviso,* even though it be subject to charges or property rights, held by one or a number of persons, and composed of different sections or parts given in emphyteusis. For the purposes of record, the direct ownership shall be considered sole, even though there be a number of persons who collect rents or annuities from an estate in the capacity of direct owners, provided the estate is not divided among them for such purpose.

"Second. Every urban estate and every building, oven though the ownership of specifics parts, rooms, or floors, is vested absolutely or qualifiedly in different persons.

"Third. Every building or place of shelter situated beyond the limits of towns, with all its dependencies and appurtenances, such as yards, covered passages, pigeon houses, etc., which, even though it belong to a number of

latter may be recorded apart from the others, under a different number, although all those which are subject to the same fraction of the charge shall constitute a group among themselves.''

Morell, *Legislación Hipotecaria,* commenting on similar articles of the Regulations of the Spanish Mortgage Law, says in vol. 2 at p. 53: ''Article 57, like Article 322 of the previous Regulation, is confined to saying that the farm will be recorded if the interested persons request it, and in various resolutions it is stated only that it will be done at the request of the owners.'' And at p. 85: ''The union or consolidation of farms or rights always requires an express request from the owner of the property or the right, unlike segregations, which do not require this requisite.''

The conclusion that the consent of other persons who are not owners of the properties being consolidated is not necessary is a reasonable one. ''The consolidation into one property of several properties previously recorded does not constitute an alienation thereof or an encumbrance thereon. Neither does it partake of the character of a contract, and although

persons *pro indiviso,* is subject to charges or property rights, corresponding to one or more persons, or is divided into sections or portions given in emphyteusis.

''Fourth. Adjoining tracts of land belonging to the same person, or to a number of persons *pro indiviso,* even though they contain no place of shelter whatsoever and their origin is not identical and even though they shall have come into the possession of the last holder from different sources.

''When the property right or charge to which the combined estates referred to in subdivision 1 may be subject, should be divided into fractions, and the estates charged with each fraction should be determined, the latter may be recorded apart from the others, under a different number, although all those which are subject to the same fraction of the charge shall constitute a group among themselves.

''If any of the group of estates which can be recorded under a single number, in accordance with the provisions of this article, should be situated within the territory of two or more municipalities, the part corresponding to each shall be recorded in its special registry, a statement being made at the end of the record to the effect that the estates mentioned therein, constitute, in conjunction with the others, the numbers, books, and folios of which will be cited, the ___ (estate, coffee or sugar plantation, etc.), and giving the name, if it has any, or otherwise the general name by which said group is known.''

it is an *act* which involves a new record in the registry, it is a record of such a nature as to effect only the registry itself and does not create, modify, or extinguish any right whatsoever." *Palou* v. *The Registrar of Property,* 19 P.R.R. 352, 355, quoted with approval in *Baetjer* v. *Registrar,* 48 P.R.R. 627, 647.

The ruling of the registrar will be reversed and he will be ordered to record the deed of consolidation.